# Exhibit A



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Ryder Truck Rental, Inc.                                                    December 20, 2019
Jodie Bennett System Coordinator
Ryder National Liability Claim Office
6892 S. Yosemite Ct., Ste 2-201
Centennial CO 80112

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2019-1745

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Ryder Truck Rental, Inc. |
| 2. | **Title of Action:** | Kirsy Castillo vs. Ryder Truck Rental, et al. |
| 3. | **Document(s) Served:** | Plaintiff's Complaint at Law<br>Rule 222 Affidavit |
| 4. | **Court/Agency:** | Cook County Circuit Court |
| 5. | **State Served:** | Illinois |
| 6. | **Case Number:** | 2019L013708 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Thursday 12/19/2019 |
| 10. | **Date to Client:** | Friday 12/20/2019 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | Not Applicable     CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Gary A. Newland<br>Arlington Heights, IL<br>847-797-8000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 141 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

FILED
12/12/2019 3:25 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L013708

7711045

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KIRSY CASTILLO,                                    )
                          Plaintiff,               )
                                                   )
        vs.                                        )      No.
                                                   )
RYDER TRUCK RENTAL, a foreign                      )
corporation licensed to conduct business in the    )
state of Illinois; ZIZMAX EXPRESS, LLC., a         )
foreign corporation licensed to conduct            )
business in the state of Florida;                  )
SAYRAM CORP., a foreign corporation now            )
dissolved but previously licensed to conduct       )
business in the state of Illinois;                 )
JASUR KHULTAEV, a citizen of the state of          )
New York, in his individual capacity and as an     )
authorized agent of SAYRAM CORP.; and              )
BAKHTIYAR UMAROV, individually and as              )
Registered Agent for SAYRAM CORP.                  )
                          Defendants.              )

## PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Plaintiff, KIRSY CASTILLO, by and through his attorneys, NEWLAND AND NEWLAND LLP. and KAPLAN LAW OFFICES, and hereby complains of the following Defendants, JASUR KHULTAEV, in his individual capacity as well as in his representative capacity as an agent of co-Defendant, SAYRAM CORP. (hereinafter referred to simply as "SAYRAM"), a foreign corporation, now dissolved, but previously licensed to conduct business in the State of Illinois; and ZIZMAX EXPRESS, LLC. (hereinafter referred to simply as "ZIZMAX"), a foreign corporation licensed to conduct business in the state of Florida and not licensed to conduct business in the state of Illinois; RYDER TRUCK RENTAL (hereinafter referred to simply as "RYDER"), a foreign corporation licensed to conduct business in the state of Illinois and Florida; and finally of BAKHTIYAR UMAROV (hereinafter referred to simply as "UMAROV"), individually and as Registered Agent of SAYRAM CORP.

FILED DATE: 12/12/2019 3:25 PM 2019L013708

## FACTS

1. Plaintiff CASTILLO was, at all times relevant herein, a citizen of the State of Illinois, residing in the Village of Volo and County of Lake.

2. Upon information and belief, Defendant KHULTAEV was, at all times relevant herein, a citizen of the State of New York.

3. Upon information and belief, at all times relevant hereto, Defendant, RYDER acted as the legal owner of one freightliner Semi truck vehicle, licensed in the State of Indiana, with plate no. 2795874 (hereinafter simply referred to as "semi-truck" or simply "truck").

4. Upon information and belief, at all times relevant hereto, Defendant KHULTAEV operated, maintained, and/or controlled this semi-truck on May 5, 2019.

5. Upon information and belief, at all times relevant hereto, Defendant KHULTAEV was an authorized agent and/or employee of Defendant SAYRAM.

6. Upon information and belief, at all times relevant hereto, Defendant KHULTAEV was also an authorized agent and/or employee of Defendant ZIZMAX.

7. Upon information and belief, at all times relevant hereto, Defendants SAYRAM and ZIZMAX were also authorized agents of Defendant RYDER.

8. Upon information and belief, at all times relevant hereto, Defendant SAYRAM maintained a leasehold with Defendant RYDER, over this semi-truck, with an authorization and/or lease and/or service agreement to operate and/or control this semi-truck.

9. Upon information and belief, at all times relevant hereto, Defendant ZIZMAX maintained a sub-leasehold agreement, with SAYRAM, over this semi-truck.

10. Upon information and belief, at all times relevant hereto, the semi-truck was covered by vehicular insurance by and through Prime Insurance company.

11. On May 5, 2019, the Plaintiff, KIRSY CASTILLO, operated and properly maintained and

controlled a vehicle traveling eastbound on Russell Road, at or near the intersection of Old US Route 41, in the township of Newport, county of Lake, and state of Illinois.

12. On May 5, 2019, the Defendant, JASUR KHULTAEV, operated, maintained and controlled the aforementioned semi-truck traveling in a northerly direction on Old US Route 41, in the process of turning westbound onto/at or near the intersection of Russell Road, in the township of Newport, county of Lake, and state of Illinois.

13. At all times relevant hereto, upon information and belief, the Defendant RYDER was a Florida Corporation doing business in the State of Illinois.

14. At all times relevant hereto, upon information and belief, SAYRAM was a foreign corporation, dissolved on January 12, 2018, prior to the date of the collision which gave rise to this complaint, but previously licensed to conduct business in the State of Illinois.

15. At all times relevant hereto, upon information and belief, Defendant UMAROV was the Registered Agent of Defendant dissolved-corporation, SAYRAM.

16. Defendant UMAROV permitted and allowed his business entity, SAYRAM, to involuntarily dissolve on January 12, 2018, prior to the date of the collision as alleged in this complaint.

17. At all times relevant hereto, upon information and belief, ZIZMAX was a foreign corporation licensed to conduct business in the state of Florida and not licensed to conduct business in the state of Illinois.

18. At all times relevant hereto Defendants RYDER, SAYRAM, and ZIZMAX conducted business and provided services nationally and in Northern Illinois, including Lake County.

19. At all times relevant hereto the Defendant KHULTAEV acted both individually and within the scope and course of his employment and/or as an agent of Defendant SAYRAM, as a driver of the aforementioned semi-truck owned by defendant RYDER, leased by Defendant SAYRAUM,

FILED DATE: 12/12/2019 3:25 PM   2019L013708

and sub-leased by Defendant ZIZMAX.

20. On May 5, 2019, the semi-truck operated by Defendant KHULTAEV, collided with the vehicle then and there operated by Plaintiff, CASTILLO.

21. At all times relevant hereto, the view of Defendant KHULTAEV was unobstructed and his view of Plaintiff CASTILLO's vehicle was also unobstructed.

22. At all times relevant hereto, there was in place a traffic control device, specifically a stop sign, controlling the traffic traveling in a northerly direction on Old US Route 41, whether or not said traffic intended to proceed straight/north or turn east or west onto Russeell Road.

23. At all times relevant hereto, said stop sign applied to and otherwise controlled Defendant KHULTAEV.

### COUNT I – NEGLIGENCE – JASUR KHULTAEV, individually and as an authorized agent of SAYRAM CORP., BAKHTIYAR UMAROV, and/or ZIZMAX EXPRESS, LLC.

24. Plaintiff re-alleges and re-incorporates as if fully stated herein, paragraphs 1-23 of the "FACTS" section.

25. At all times relevant hereto Defendant KHULTAEV owed a legal duty to exercise reasonable care in the operation of the semi-truck to comply with any and all traffic devices and to avoid injuring other persons driving upon the roadway, including the plaintiff herein CASTILLO.

26. The Defendant KHULTAEV acted negligent and failed to exercise reasonable care in the operation of the semi-truck he was driving, by committing one or more or all of the following acts and/or omissions:

    a. Failed to maintain a proper lookout for traffic;

    b. Failed to properly turn on his turn signal, in violation of 625 ILCS 5/11-804;

    c. Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

FILED DATE: 12/12/2019 3:25 PM 2019L013708

FILED DATE: 12/12/2019 3:25 PM   2019L013708

    d.  Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601(a);

    e.  Failed to make a proper left-hand turn at an intersection, in violation of 625 ILCS 5/11-801(2);

    f.  Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

    g.  Failed to yield the right-of-way to the vehicle intending to proceed forward, in violation of 625 ILCS 5/11-901(a);

    h.  Failed to yield the right-of-way to the vehicle approaching from the opposite direction which was close enough so as to constitute an "immediate hazard," in violation of 625 ILCS 5/11-902;

    i.  Failed to obey the instructions of a traffic control device, in violation of 625 ILCS 5/11-305;

    j.  Was otherwise negligent.

27. As a proximate result of the defendant JASUR KHULTAEV's negligent acts and/or omissions the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make his whole again, all as a direct result of the conduct of Defendant KHULTAEV.

    **WHEREFORE,** the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant JASUR KHULTAEV, jointly and severally, individually and as an authorized agent of Defendant SAYRAM CORP., and/or ZIZMAX EXPRESS LLC., in

FILED DATE: 12/12/2019 3:25 PM   2019.013708

favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of $75,000.00 and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

## COUNT II – RESPONDEAT SUPERIOR – SAYRAM CORP.

28. Plaintiff re-alleges and re-incorporates as if fully stated herein, paragraphs 1-23 of the "FACTS" section and paragraphs 24-27 of "COUNT I."

29. At all times relevant hereto the defendant KHULTAEV acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the temporary control of, via long-term lease, Defendant SAYRAM.

30. At all times relevant hereto the Defendant SAYRAM, both directly as well as by and through any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

31. The defendant SAYRAM, by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the operation of the truck KHULTAEV was driving, by committing one or more or all of the following negligent acts and/or omissions:

    a.   Failed to maintain a proper lookout for traffic;

    b.   Failed to properly turn on his turn signal, in violation of 625 ILCS 5/11-804;

    c.   Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

    d.   Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601(a);

    e.   Failed to make a proper left-hand turn at an intersection, in violation of 625 ILCS 5/11-801(2);

FILED DATE: 12/12/2019 3:25 PM    2018L013708

    f.   Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

    g.   Failed to yield the right-of-way to the vehicle intending to proceed forward, in violation of 625 ILCS 5/11-901(a);

    h.   Failed to yield the right-of-way to the vehicle approaching from the opposite direction which was close enough so as to constitute an "immediate hazard," in violation of 625 ILCS 5/11-902;

    i.   Failed to obey the instructions of a traffic control device, in violation of 625 ILCS 5/11-305;

    j.   Was otherwise negligent.

32. As a proximate result of the defendant SAYRAM's negligent acts and/or omissions, by and through their authorized agent and/or employee, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant SAYRAM.

    **WHEREFORE**, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant SAYRAM CORP., jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

FILED DATE: 12/12/2019 3:25 PM    2019L013708

## COUNT III – NEGLIGENCE – SAYRAM CORP.

33. Plaintiff incorporates and realleges paragraphs 1-23 of the "FACTS" section, plus paragraphs 24-32 of "COUNT I" and "COUNT II."

34. At all times relevant hereto the defendant SAYRAM participated in and acted as a semi-truck rental company in the State Illinois.

35. At all times relevant hereto the defendant SAYRAM, both directly as well as by and through any authorized agent and/or employee, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

36. The defendant SAYRAM, both independently as well and by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the conducting of their business operations, by committing one or more or all of the following negligent acts and/or omissions:

    a. Failed to conduct a proper background check and/or approval process before renting a truck and/or vehicle to Defendant KHULTAEV;

    b. Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant ZIZMAX;

    c. Failed to conduct a proper background check and/or approval process before executing a long-term lease contract with Defendant RYDER;

    d. Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

    e. Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

    f. Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

    g. Failed to maintain proper authorization and/or rights to operate and/or conduct any truck-related or other business in the State of Illinois on the date of the collision which gave rise to this complaint;

FILED DATE: 12/12/2019 3:25 PM   2019L013708

    h.  Was otherwise negligent in their conducting of business in the state of Illinois and specifically, in their renting a vehicle to Defendant KHULTAEV.

37. As a proximate result of the defendant SAYRAM's negligent acts and/or omissions, both independently and/or by and through their authorized agent, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant SAYRAM.

    **WHEREFORE**, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant SAYRAM CORP., jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

### COUNT IV – RESPONDEAT SUPERIOR – BAKHTIYAR UMAROV

38. Plaintiff re-alleges and re-incorporates as if fully stated herein, paragraphs 1-23 of the "FACTS" section and paragraphs 24-37 of "COUNT I," "COUNT II," and "COUNT III."

39. Defendant UMAROV failed to keep his business entity in proper standing with the Illinois Secretary of State as of the date of the collision alleged in this complaint.

FILED DATE: 12/12/2019 3:25 PM   2019L013708

40. Defendant UMAROV, as Registered Representative of the dissolved corporation SAYRAM, stands in their place for liability purposes.

41. At all times relevant hereto the defendant KHULTAEV acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the temporary control of, via long-term lease, Defendant UMAROV.

42. At all times relevant hereto the Defendant UMAROV, both directly as well as by and through any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

43. The defendant UMAROV, by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the operation of the truck KHULTAEV was driving, by committing one or more or all of the following negligent acts and/or omissions:

  a. Failed to maintain a proper lookout for traffic;

  b. Failed to properly turn on his turn signal, in violation of 625 ILCS 5/11-804;

  c. Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

  d. Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601(a);

  e. Failed to make a proper left-hand turn at an intersection, in violation of 625 ILCS 5/11-801(2);

  f. Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

  g. Failed to yield the right-of-way to the vehicle intending to proceed forward, in violation of 625 ILCS 5/11-901(a);

  h. Failed to yield the right-of-way to the vehicle approaching from the opposite direction which was close enough so as to constitute an "immediate hazard," in violation of 625 ILCS 5/11-902;

FILED DATE: 12/12/2019 3:25 PM   2019L013708

    i.   Failed to obey the instructions of a traffic control device, in violation of 625 ILCS 5/11-305;

    j.   Was otherwise negligent.

44. As a proximate result of the defendant UMAROV's negligent acts and/or omissions, by and through their authorized agent and/or employee, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant UMAROV.

    **WHEREFORE**, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant BAKHTIYAR UMAROV, jointly and severally, individually and as Registered Agent of SAYRAM CORP., and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

### COUNT V – NEGLIGENCE – BAKHTIYAR UMAROV

45. Plaintiff incorporates and realleges paragraphs 1-23 of the "FACTS" section, plus paragraphs 24-44 of "COUNT I," "COUNT II," "COUNT III" and "COUNT IV."

46. At all times relevant hereto the defendant UMAROV, as Registered Agent of SAYRAM, participated in and acted as a leasee and leasor, of semi-trucks and specifically of the semi-truck

involved in the collision alleged in this complaint, all within the State Illinois.

47. At all times relevant hereto the defendant UMAROV, both directly as well as by and through any authorized agent and/or employee, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

48. The defendant UMAROV, both independently as well and by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the conducting of their business operations, by committing one or more or all of the following negligent acts and/or omissions:

    a. Failed to conduct a proper background check and/or approval process before renting a truck and/or vehicle to Defendant KHULTAEV;

    b. Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant ZIZMAX;

    c. Failed to conduct a proper background check and/or approval process before executing a long-term lease contract with Defendant RYDER;

    d. Failed to cease any and all business-related activities and/or conduct within the State of Illinois once SAYRAM's license to conduct business within the State of Illinois was involuntarily dissolved on January 12, 2018;

    e. Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

    f. Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

    g. Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

    h. Failed to maintain proper authorization and/or rights to operate and/or conduct any truck-related or other business in the State of Illinois on the date of the collision which gave rise to this complaint;

    i. Was otherwise negligent in their conducting of business in the state of Illinois and specifically, in their renting a vehicle to Defendant KHULTAEV.

FILED DATE: 12/12/2019 3:25 PM 2019L013708

FILED DATE: 12/12/2019 3:25 PM   2019L013708

49. As a proximate result of the defendant UMAROV's negligent acts and/or omissions, both independently and/or individually, and/or by and through his status as a Registered Agent of SAYRUM, and/or by and through his authorized agent, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant SAYRAM.

WHEREFORE, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant SAYRAM CORP., jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

## COUNT VI – RESPONDEAT SUPERIOR – ZIZMAX EXPRESS, LLC.

50. Plaintiff re-alleges and re-incorporates as if fully stated herein, paragraphs 1-23 of the "FACTS" section and paragraphs 24-49 of "COUNT I," "COUNT II," "COUNT III," "COUNT IV," and "COUNT V."

51. At all times relevant hereto the defendant KHULTAEV acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the temporary control of, via

FILED DATE: 12/12/2019 3:25 PM    2019L013708

sub-lease, Defendant ZIZMAX.

52. At all times relevant hereto the Defendant ZIZMAX, both directly as well as by and through any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

53. The defendant ZIZMAX, by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the operation of the truck KHULTAEV was driving, by committing one or more or all of the following negligent acts and/or omissions:

    a. Failed to maintain a proper lookout for traffic;

    b. Failed to properly turn on his turn signal, in violation of 625 ILCS 5/11-804;

    c. Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

    d. Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601(a);

    e. Failed to make a proper left-hand turn at an intersection, in violation of 625 ILCS 5/11-801(2);

    f. Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

    g. Failed to yield the right-of-way to the vehicle intending to proceed forward, in violation of 625 ILCS 5/11-901(a);

    h. Failed to yield the right-of-way to the vehicle approaching from the opposite direction which was close enough so as to constitute an "immediate hazard," in violation of 625 ILCS 5/11-902;

    i. Failed to obey the instructions of a traffic control device, in violation of 625 ILCS 5/11-305;

    j. Was otherwise negligent.

54. As a proximate result of the defendant ZIZMAX's negligent acts and/or omissions, by and through their authorized agent and/or employee, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant ZIZMAX.

WHEREFORE, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant ZIZMAX EXPRESS, LLC. jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

### COUNT VII – NEGLIGENCE – ZIZMAX EXPRESS, LLC.

55. Plaintiff incorporates and realleges paragraphs 1-23 of the "FACTS" section, plus paragraphs 24-54 of "COUNT I," "COUNT II,""COUNT III," "COUNT IV," "COUNT V," and "COUNT VI."

56. At all times relevant hereto the defendant ZIZMAX participated in and acted as sub-leasee, within the State of Illinois, of the semi-truck involved in the collision alleged in this complaint.

57. At all times relevant hereto the defendant ZZIMAX, both directly as well as by and through any authorized agent and/or employee, owed a legal duty to exercise reasonable care in the

FILED DATE: 12/12/2019 3:25 PM 2019L013708

FILED DATE: 12/12/2019 3:25 PM   2019L013708

operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

58. The defendant ZIZMAX, both independently as well and by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the conducting of their business operations, by committing one or more or all of the following negligent acts and/or omissions:

   a.  Failed to conduct a proper background check and/or approval process before renting a truck and/or vehicle to Defendant KHULTAEV;

   b.  Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant SAYRAM;

   c.  Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant UMAROV;

   d.  Failed to conduct a proper background check and/or approval process before executing a long-term lease contract with Defendant RYDER;

   e.  Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

   f.  Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

   g.  Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

   h.  Failed to maintain proper authorization and/or rights to operate and/or conduct any truck-related or other business in the State of Illinois on the date of the collision which gave rise to this complaint;

   i.  Was otherwise negligent in their conducting of business in the state of Illinois and specifically, in their renting a vehicle to Defendant KHULTAEV.

59. As a proximate result of the defendant ZIZMAX's negligent acts and/or omissions, both independently and/or by and through their authorized agent, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will

FILED DATE: 12/12/2019 3:25 PM   2019L013708

continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant ZIZMAX.

**WHEREFORE**, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant ZIZMAX EXPRESS, LLC., jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

**COUNT VIII – RESPONDEAT SUPERIOR – RYDER TRUCK RENTAL**

60. Plaintiff re-alleges and re-incorporates as if fully stated herein, paragraphs 1-23 of the "FACTS" section and paragraphs 24-59 of "COUNT I," "COUNT II," "COUNT III," "COUNT IV," "COUNT V" and "COUNT VII."

61. At all times relevant hereto the defendant KHULTAEV acted within the scope and course of his employment and/or agency as a driver of a semi-truck under the temporary control, via sub-lease, of Defendant ZIZMAX and/or the temporary control of Defendant leasee SAYRAM.

62. At all times relevant hereto, upon information and belief, Defendant RYDER maintained an agency relationship with both SAYRAM and ZIZMAX by acting as the original leasor to SAYRAM, who ultimately sub-leased to ZIZMAX.

63. At all times relevant hereto the Defendant RYDER, both directly as well as by and through

FILED DATE: 12/12/2019 3:25 PM   2019L013708

any authorized agent, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon the roadway, including the plaintiff herein KIRSY CASTILLO.

64. The defendant RYDER, by and through their agent and/or an agent of one of their agents, KHULTAEV, acted negligently and failed to exercise reasonable care in the operation of the truck KHULTAEV was driving, by committing one or more or all of the following negligent acts and/or omissions:

    a. Failed to maintain a proper lookout for traffic;

    b. Failed to properly turn on his turn signal, in violation of 625 ILCS 5/11-804;

    c. Failed to avoid an accident, despite being aware of the location of Plaintiff's vehicle;

    d. Failed to reduce the speed of the truck to avoid a collision, in violation of 625 ILCS 5/11-601(a);

    e. Failed to make a proper left-hand turn at an intersection, in violation of 625 ILCS 5/11-801(2);

    f. Failed to sound horn on said vehicle so as to give audible warning of its' approach, in violation of 625 ILCS 5/11-601;

    g. Failed to yield the right-of-way to the vehicle intending to proceed forward, in violation of 625 ILCS 5/11-901(a);

    h. Failed to yield the right-of-way to the vehicle approaching from the opposite direction which was close enough so as to constitute an "immediate hazard," in violation of 625 ILCS 5/11-902;

    i. Failed to obey the instructions of a traffic control device, in violation of 625 ILCS 5/11-305;

    j. Was otherwise negligent.

65. As a proximate result of the defendant RYDERS's negligent acts and/or omissions, by and through their authorized agent and/or employee, JASUR KHULTAEV, the plaintiff KIRSY

CASTILLO suffered both temporary and permanent bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant RYDER.

WHEREFORE, the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant RYDER TRUCK RENTAL, jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

## COUNT IX – NEGLIGENCE – RYDER TRUCK RENTAL

66. Plaintiff incorporates and realleges paragraphs 1-23 of the "FACTS" section, plus paragraphs 24-65 of "COUNT I," "COUNT II,""COUNT III," "COUNT IV," "COUNT V," "COUNT VI," and "COUNT VIII."

67. At all times relevant hereto, upon information and belief, the defendant RYDER participated in and acted as owner, within the State of Illinois, of the semi-truck involved in the collision alleged in this complaint.

68. At all times relevant hereto the defendant RYDER, both directly as well as by and through any authorized agent and/or employee, owed a legal duty to exercise reasonable care in the operation of any of their vehicles and/or trucks, so as to avoid injuring other persons driving upon

the roadway, including the plaintiff herein KIRSY CASTILLO.

69. The defendant RYDER, both independently as well and by and through their agent, KHULTAEV, acted negligently and failed to exercise reasonable care in the conducting of their business operations, by committing one or more or all of the following negligent acts and/or omissions:

a. Failed to conduct a proper background check and/or approval process before renting a truck and/or vehicle to Defendant KHULTAEV;

b. Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant SAYRAM;

c. Failed to conduct a proper background check and/or approval process before executing a sub-lease contract with Defendant UMAROV;

d. Failed to conduct a proper background check and/or approval process before executing a long-term lease contract with Defendant ZIZMAX;

e. Failed to prevent the sub-leasing of their semi-truck from SAYRAM to ZIZMAX;

f. Failed to provide vehicles equip with proper breaks adequate to control the vehicle/truck, in violation of 625 ILCS 5/12-301;

g. Failed to provide a vehicle equip with proper side/signal lamps so as to properly signal a turn, in violation of 625 ILCS 5/12-208;

h. Failed to provide a vehicle equip with proper tires so as to properly control the vehicle/truck, in violation of 625 ILCS 5/12-401;

i. Failed to maintain proper authorization and/or rights to operate and/or conduct any truck-related or other business in the State of Illinois on the date of the collision which gave rise to this complaint;

j. Was otherwise negligent in their conducting of business in the state of Illinois and specifically, in their renting a vehicle to Defendant KHULTAEV.

70. As a proximate result of the defendant RYDER's negligent acts and/or omissions, both independently and/or by and through any of their authorized agents, including but not limited to, JASUR KHULTAEV, the plaintiff KIRSY CASTILLO suffered both temporary and permanent

FILED DATE: 12/12/2019 3:25 PM    2019.L013708

bodily injuries; has suffered and will continue to experience great pain and mental suffering as a result of his injuries; has been and will continue to be in the future disabled and/or disfigured; has and will continue to suffer affects to his ability to perform activities of daily life; has and will continue to suffer from lost wages, has become liable for and will in the future become liable for, medical expenses, hospital expenses, rehabilitation expenses, prescription drug expense, and property damage expenses, all of which are and will be necessary in an effort to treat and cure his injuries and to attempt to make him whole again, all as a direct result of the conduct of Defendant ZIZMAX.

**WHEREFORE,** the plaintiff KIRSY CASTILLO prays for the following relief:

A. Judgment against the defendant ZIZMAX EXPRESS, LLC., jointly and severally, and in favor of the plaintiff KIRSY CASTILLO, in such a sum of money damages in excess of excess of $75,000.00, and as will fully and fairly compensate the plaintiff for his injuries and damages, plus costs; and,

B. For such further relief as this Honorable Court deems just and equitable.

Dated: December 11, 2019

Respectfully Submitted by:

Gary A. Newland
Erin A. Adamski
NEWLAND & NEWLAND, LLP.
121 S. Wilke Rd., Ste. 301
Arlington Heights, IL 60005
847.797.8000
Paralegal.newland3@gmail.com
erin@newlandlaw.com
Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED DATE: 12/12/2019 3:25 PM    2019L013703

| | |
|---|---|
| KIRSY CASTILLO,<br>        Plaintiff,<br><br>   vs.<br><br>RYDER TRUCK RENTAL, a foreign<br>corporation licensed to conduct business in the<br>state of Illinois; ZIZMAX EXPRESS, LLC., a<br>foreign corporation licensed to conduct<br>business in the state of Florida;<br>SAYRAM CORP., a foreign corporation now<br>dissolved but previously licensed to conduct<br>business in the state of Illinois;<br>JASUR KHULTAEV, a citizen of the state of<br>New York, in his individual capacity and as an<br>authorized agent of SAYRAM CORP.; and<br>BAKHTIYAR UMAROV, individually and as<br>Registered Agent for SAYRAM CORP.<br>        Defendants. | )<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RULE 222 AFFIDAVIT

The undersigned, one of the Attorneys for the Plaintiffs herein, states that this is a civil action seeking money damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes that same to be true.

Respectfully Submitted by:

Gary A. Newland
Erin A. Adamski
NEWLAND & NEWLAND, LLP.
121 S. Wilke Rd., Ste. 301
Arlington Heights, IL 60005
847.797.8000
Paralegal.newland3@gmail.com
erin@newlandlaw.com
Attorneys for Plaintiff

SANDRA MARKEY
Official Seal
Notary Public – State of Illinois
My Commission Expires Mar 11, 2021

Subscribed and sworn to before me this
11th day of December, 2019,

Notary Public